# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 03-4782

DAVID LEE CATOE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(CR-02-471)

Submitted: April 26, 2004

Decided: May 6, 2004

Before WIDENER and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

R. Coit Yarborough, Jr., LAW OFFICE OF COIT YARBOROUGH,
Florence, South Carolina, for Appellant. James Strom Thurmond, Jr.,
United States Attorney, Columbia, South Carolina; Arthur Bradley
Parham, OFFICE OF THE UNITED STATES ATTORNEY, Flor-
ence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

David Lee Catoe appeals his convictions and sentence following his guilty plea to conspiracy to possess and distribute powder cocaine and crack cocaine, in violation of 21 U.S.C. § 846 (2000), and disposal of government property, in violation of 18 U.S.C. §§ 2, 641 (2000). He also appeals the district court's denial of his motion to withdraw his guilty plea. Catoe's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states there are no meritorious issues for appeal, he challenges the district court's denial of Catoe's motion to withdraw his guilty plea, as well as its application of sentencing enhancements for possession of a dangerous weapon during the commission of a drug offense pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2002) and assumption of a leadership role in the offense pursuant to USSG § 3B1.1(c). Catoe filed a pro se supplemental brief, in which he also challenged the district court's application of the sentencing enhancements. In accordance with *Anders*, we have considered the briefs and examined the entire record for meritorious issues. Finding no error, we affirm.

Where, as here, a defendant who seeks to withdraw his guilty plea before sentencing must demonstrate a "fair and just reason" for withdrawal of the plea. Fed. R. Crim. P. 32(e). A "fair and just" reason is one that essentially "challenges the fairness of the Fed. R. Crim. 11 proceeding" or "challenges the fulfillment of a promise or condition emanating from the proceeding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). A court should closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. *Id.* We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Wilson*, 81 F.3d 1300, 1305 (4th Cir. 1996).

In determining whether a defendant is entitled to withdraw his guilty plea, the district court must consider (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

We find that the district court properly weighed the *Moore* factors in denying Catoe's motion to withdraw his guilty plea. Moreover, a review of the transcript of the guilty plea hearing discloses that the district court fully complied with Rule 11 in accepting Catoe's guilty plea. The court advised Catoe of the elements of the offense to which he was pleading guilty and concluded he understood them. The court also thoroughly apprised Catoe of the rights he was waiving by pleading guilty and the possible sentences he faced. The court further ascertained that Catoe was entering his plea voluntarily and that he was satisfied with the services of counsel. Thus, we find that the district court did not abuse its discretion by finding no "fair and just reason" for the withdrawal of Catoe's guilty plea.

Moreover, we find that Catoe waived his right to appeal his convictions and sentence either directly or in post-conviction proceedings, with the exception of claims of ineffective assistance of counsel and prosecutorial misconduct. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2000), as long as it is the result of a knowing and intelligent decision to forego the right to appeal. *United States v. Wessells*, 936 F.2d 165 (4th Cir. 1991). Because Catoe's waiver of appellate rights was knowing and intelligent, he may not appeal the district court's application of the sentencing enhancements.

In accordance with *Anders*, we have reviewed the entire record in this case, including the Rule 11 and sentencing transcripts, and have found no meritorious issues for appeal. We therefore affirm Catoe's convictions and sentence, as well as the district court's denial of his motion to withdraw his guilty plea. This court requires that counsel

inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court to withdraw from representation at that time. Counsel's motion must state that a copy thereof was served on Catoe.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*